## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| COMERICA LEASING, a division of<br>COMERICA BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  09-cv-07897 |
| | ) | |
| SHELDON PLAYER, DONNA MALONE, and<br>GERALD INVESTMENTS LLC, | ) | |
| | ) | |
| Defendants. | ) | |

### SECOND AMENDED COMPLAINT

Comerica Leasing, a division of Comerica Bank, by and through its attorneys, hereby amends its complaint as follows:

1.     Comerica Leasing ("Comerica") is a division of Comerica Bank, a Michigan banking corporation.

2.     Sheldon Player is a citizen of Illinois, residing at 454 N. Aberdeen Street, Apartment 2S-N, Chicago, IL 60642.

3.     Donna Malone is a citizen of Illinois, residing at 454 N. Aberdeen Street, Apartment 2S-N, Chicago, IL 60642.

4.     Gerald Investments LLC ("Gerald Investments") is a Wyoming limited liability company.  Gerald Investments LLC was previously incorrectly named as an Illinois limited liability company.

5.     This Court has jurisdiction over the subject matter of this case matter pursuant to 28 U.S.C. § 1332.  This is a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states.

6.      Venue is appropriate in this district pursuant to 28 U.S.C. § 1391, as Defendants are residents of this judicial district.

### Background Facts

**The Leases and the Guaranties**

7.      Between 2006 and 2007, Equipment Acquisition Resources, Inc. ("EAR"), by its president, Sheldon Player, entered into various separate equipment lease transactions with U.S. Financial, LLC ("U.S. Financial"), an Ohio limited liability company.

8.      Each of these leases was unconditionally guaranteed by Sheldon Player and Donna Malone.

9.      Thirteen of the leases were assigned by U.S. Financial to Comerica (the "Leases").

10.      When U.S. Financial assigned the Leases to Comerica, it also assigned its rights under Mr. Player's and Mr. Malone's guarantees.

11.      EAR has defaulted on its obligations under the Leases.  The events of default include, but are not necessarily limited to: (i) EAR's failure to make the required payments pursuant to the Leases; (ii) the unauthorized removal (or failure to procure such equipment) of the leased equipment from the premises; (iii) the filing of additional liens against the leased equipment which lien was not removed within 10 days of its creation; and (iv) EAR's misrepresentations to Comerica.

12.      As a result of the breaches, Mr. Player and Ms. Malone are personally liable for the amounts due and owing under the leases.

**The Fraud and Misrepresentations**

13.     Since the filing of EAR's bankruptcy petition in October 2009, it has become clear that EAR was nothing more than a Ponzi scheme constructed by Mr. Player for his benefit and the benefit of Ms. Malone and others.

14.     As the bankruptcy case has revealed, the majority of EAR's business was comprised of sham transactions.  *See generally*, *Global Notes and Statement of Limitations, Methodology, and Disclaimer Regarding Debtor Equipment Acquisition Resources, Inc. Schedules and Statements* (attached as **Exhibit A**).

15.     To perpetuate these sham transactions, Player or Malone would cause the lessor to "purchase" equipment from Machine Tools Direct ("MTD"), an affiliate of EAR.  After purchasing the equipment, the lessor would enter into a lease transaction with EAR.

16.     In the vast majority, if not all of the sale and lease transactions, EAR did not actually purchase the equipment.

17.     Instead, EAR and MTD would create fictitious invoices for the alleged purchase price of the equipment.

18.     The lessor would then pay the purchase price to MTD.  MTD would keep a percentage of the sale price and remit the balance to EAR.

19.     Based upon its payment of the purchase price to MTD, each lessor believed that it owned certain equipment.  Despite this assumption, it has become obvious that only a small percentage of the equipment actually existed.  The remainder of the money used to purchase the equipment was sent to EAR and was used by Mr. Player for his own personal benefit or the benefit of other insiders of EAR.

20.     To perpetuate this scheme, Player, Malone or EAR had counterfeit serial number tags created each time that it allegedly received a new piece of equipment.

21.     When a lessor requested an inspection of its equipment, Player, Malone or EAR simply removed the serial number currently on the equipment and affixed the serial number which corresponded to the machine owned by the lessor.

22.     Based upon the fraud it is believed that the lessors will never be able to distinguish individual ownership of the various pieces of equipment.

23.     Another separate, but related, aspect of the fraud was the fraudulent representations made when Player executed the Leases on behalf of EAR.

24.     With each of the Leases Mr. Player executed on behalf of EAR, he also executed a Delivery and Installation Certificate (the "Certificates").   (Copies of the Certificates for the Leases are attached as **Group Exhibit B**).

25.     As part of the process of assigning the Leases to Comerica, U.S. Financial assigned the Certificates to Comerica.

26.     Although the dates in each Certificate are different, the Certificates generally provide:

> [t]he undersigned hereby certifies that all of the goods, chattels and equipment (all hereinafter called "equipment") described in the Equipment Lease dated, **August 15, 2006** between U.S. Financial, LLC (Lessor) and the undersigned (Lessee), dated **August 15, 2006** (the "Lease") have been furnished to the undersigned at the location designated in the Lease, that *delivery and installation of the equipment have been fully completed as required*, and that the equipment has been inspected and accepted by the undersigned as satisfactory on **July 28, 2006.** The undersigned understands that you are relying on the foregoing certification in taking an assigned of the Lease and, to induce you to accept the equipment and the Lease . . . (emphasis in original)

Each Certificate is executed by Mr. Player.

27.     Despite the language of the Certificates and the attestation therein, the equipment was never installed.  In fact it is likely that none of the equipment was ever purchased.

28.     Mr. Player's execution of the Certificates knowing that they were false constituted a fraud.

**The Financial Fraud**

29.     In addition to the above fraud, Mr. Player caused EAR to engage in financial fraud and made fraudulent transfers to benefit himself, Ms. Malone, and Gerald Investments. *See* Exhibit A.

30.     The Statement of Financial Affairs filed in EAR's bankruptcy case, at paragraph 1, indicates that EAR had a gross income of $53,277,438 in 2007 and $87,796,787 in 2008.  (*See* Statement of Financial Affairs attached as **Exhibit C**.)

31.     These gross income numbers, although reflected on EAR's books and records, were grossly inflated.

32.     These inflated numbers were based upon the sham transactions entered into with MTD.

33.     Upon information and belief, Mr. Player or EAR kept two sets of books and records.  One set was to track the actual transactions that EAR entered into and another set which recorded the sham transactions.

34.     This second set of books contained the inflated gross earnings and were used to prepare EAR's financial statements.  The financial statements were then provided to prospective lessors to induce them to deal with EAR.

35.     As EAR's President, Mr. Player knew that two sets of books existed and that the fictitious set of books was used to prepare EAR's financial statements.

36.     Based upon the information contained in EAR's financial statements, Comerica agreed to accept assignment of the Leases from U.S. Financial.

**The Fraudulent Transfers**

37.     Mr. Player was the President of EAR prior to his resignation in February 2009. *See* Exhibit C at ¶21b.

38.     As the President of EAR, Mr. Player was an insider until the time of his resignation.  *See* 740 ILCS 160/2(g)(2).

39.     Ms. Malone was Mr. Player's wife.

40.     Ms. Malone was Secretary/Treasurer of EAR until her resignation on October 8, 2009.  *See* Exhibit C at ¶ 21b.

41.     As the Secretary/Treasurer, Ms. Malone was an insider of EAR.  *See* 740 ILCS 160/2(g)(2).

42.     Additionally, as Ms. Malone's husband, Mr. Player was a relative of an insider and therefore an insider of EAR until the time of Ms. Malone's resignation.  *See* 740 ILCS 160/2(g)(2)(F) and 740 ILCS 160/2(k).

43.     Gerald Investments is an entity owned and/or controlled by either Mr. Player or Ms. Malone (collectively, Gerald Investments, Mr. Player and Ms. Malone are referred to herein as the "Insiders").  As such it is an insider of EAR.

<u>**Actual Fraud**</u>

44.     Mr. Player entered into transactions on behalf of EAR with the intent to hinder, delay or defraud EAR's creditors.

45.     Mr. Player entered into the various lease transactions in order to continue to finance his Ponzi scheme.

46.     Mr. Player acquired the proceeds transferred from MTD when lessors "purchased" the machinery from MTD.

47.     He then used those proceeds for one of two purposes: (i) to make payments on obligations that were due or past due or (ii) to line his own pockets.

48.     Under either scenario, Mr. Player made the transfers from EAR to himself with the express purpose of delaying the disclosure of the truth about EAR – that it was a Ponzi scheme.

49.     While this information remained a secret, it allowed him to hinder, delay or defraud EAR's creditors, including Comerica.  Most certainly, had any of EAR's creditors known the truth about EAR, the whole scheme would have come crashing down much sooner than it did.  Once this information became known, Mr. Player would no longer have been able to siphon money from EAR for his own benefit.

**Constructive Fraud**

50.     Based upon his knowledge as an insider of EAR, Mr. Player knew that EAR was insolvent and/or unable to pay its bills as they became due.

51.     Despite having that knowledge, Mr. Player caused EAR to transfer significant sums of money to the Insiders.  (A list of the known transfers in the year prior to October 23, 2009 are attached hereto as **Exhibit D**.)  Upon information and belief, there were significant additional payments made during the relevant look-back period and discovery will disclose those transfers.

52.     Despite receiving significant sums of money from EAR, the Insiders failed to provide any reasonably equivalent value for the transfers.

53.     At the time of the transfers, EAR intended to incur, or believed or reasonably should have believed that it would incur debts beyond its ability to pay.

54.     Moreover, if the transfers were the Insiders on account of antecedent debt, the Insiders knew or had reasonable cause to believe that the debtor was insolvent at the time of the transfers.

55.     Each of the Insiders is liable for those transfers made to it.

<div align="center">

**COUNT I**
**Breach of Player Guaranty of Lease No. 2062**

</div>

56.     Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count I as if fully stated herein.

57.     On July 10, 2006, Sheldon Player executed a personal guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Player Guaranty 1").

58.     On July 18, 2006, Lease No. 2062 and Player Guaranty 1 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2062 assignment and Player Guaranty 1 are attached as **Group Exhibit E.**

59.     Player Guaranty 1 provides for a maximum liability of $950,000.00 plus interest.

60.     EAR has defaulted under the terms of Lease No. 2062.

61.     As a result of the foregoing, Sheldon Player is liable to Comerica for the amounts owed under the Player Guaranty 1, including but not limited to, attorneys' fees and court costs.

        WHEREFORE, Comerica prays that a Judgment be entered against Sheldon Player and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

## COUNT II
## Breach of Malone Guaranty of Lease No. 2062

62.     Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count II as if fully stated herein.

63.     On July 10, 2006, Donna Malone executed a personal guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Malone Guaranty 1").  A copy of the Malone Guaranty 1 is attached as **Exhibit F.**

64.     On July 18, 2006, Lease No. 2062 and Malone Guaranty 1 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2062 assignment was previously attached at **Group Exhibit E.**

65.     Malone Guaranty 1 provides for a maximum liability of $950,000.00 plus interest.

66.     EAR has defaulted under the terms of Lease No. 2062.

67.     As a result of the foregoing, Donna Malone is liable to Comerica for the amounts owed under the Malone Guaranty 1, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Donna Malone and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

## COUNT III
## Breach of Player Guaranty of Lease No. 2063

68.     Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count III as if fully stated herein.

69.     On July 14, 2006, Sheldon Player executed an Unconditional and Continuing Guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Player Guaranty 2").

70.     On July 25, 2006, Lease No. 2063 and Player Guaranty 2 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2063 assignment and Player Guaranty 2 are attached as **Group Exhibit G.**

71.     Player Guaranty 2 provides for a maximum liability of $875,000.00 plus interest.

72.     EAR has defaulted under the terms of Lease No. 2063.

73.     As a result of the foregoing, Sheldon Player is liable to Comerica for the amounts owed under the Player Guaranty 2, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Sheldon Player and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

### COUNT IV
### Breach of Malone Guaranty of Lease No. 2063

74.     Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count IV as if fully stated herein.

75.     On July 14, 2006, Donna Malone executed a personal guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Malone Guaranty 2").  A copy of the Malone Guaranty 2 is attached as **Exhibit H.**

76.     On July 25, 2006, Lease No. 2063 and Malone Guaranty 2 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2063 assignment was previously attached as **Group Exhibit G.**

77.     Malone Guaranty 2 provides for a maximum liability of $875,000.00 plus interest.

78.     EAR has defaulted under the terms of Lease No. 2063.

79.     As a result of the foregoing, Donna Malone is liable to Comerica for the amounts owed under the Malone Guaranty 2, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Donna Malone and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

## COUNT V
## Breach of Player Guaranty of Lease No. 2066

80.     Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count V as if fully stated herein.

81.     On July 28, 2006, Sheldon Player executed an Unconditional and Continuing Guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Player Guaranty 3").

82.     On August 7, 2006, Lease No. 2066 and Player Guaranty 3 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2066 assignment and Player Guaranty 3 are attached as **Group Exhibit I.**

83.     Player Guaranty 3 provides for a maximum liability of $395,000.00 plus interest.

84.     EAR has defaulted under the terms of Lease No. 2066.

85.     As a result of the foregoing, Sheldon Player is liable to Comerica for the amounts owed under the Player Guaranty 3, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Sheldon Player and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

## COUNT VI
## Breach of Malone Guaranty of Lease No. 2066

86.     Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count VI as if fully stated herein.

87.     On July 28, 2006, Donna Malone executed a personal guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Malone Guaranty 3").  A copy of the Malone Guaranty 3 is attached as **Exhibit J.**

88.     On August 7, 2006, Lease No. 2066 and Malone Guaranty 3 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2066 assignment was previously attached as **Group Exhibit I.**

89.     Malone Guaranty 3 provides for a maximum liability of $395,000.00 plus interest.

90.     EAR has defaulted under the terms of Lease No. 2066.

91.     As a result of the foregoing, Donna Malone is liable to Comerica for the amounts owed under the Malone Guaranty 3, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Donna Malone and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

## COUNT VII
### Breach of Player Guaranty of Lease No. 2074

92.     Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count VII as if fully stated herein.

93.     On October 31, 2006, Sheldon Player executed an Unconditional and Continuing Guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Player Guaranty 4").

94.     On November 7, 2006, Lease No. 2074 and Player Guaranty 4 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2074 assignment and Player Guaranty 4 are attached as **Group Exhibit K.**

95.     Player Guaranty 4 provides for a maximum liability of $875,000.00 plus interest.

96.     EAR has defaulted under the terms of Lease No. 2074.

97.     As a result of the foregoing, Sheldon Player is liable to Comerica for the amounts owed under the Player Guaranty 4, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Sheldon Player and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

<div align="center">

**COUNT VIII**
**Breach of Malone Guaranty of Lease No. 2074**

</div>

98.     Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count VIII as if fully stated herein.

99.     On October 31, 2006, Donna Malone executed a personal guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Malone Guaranty 4").  A copy of the Malone Guaranty 4 is attached as **Exhibit L.**

100.     On November 7, 2006, Lease No. 2074 and Malone Guaranty 4 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2074 assignment was previously attached as **Group Exhibit K.**

101.     Malone Guaranty 4 provides for a maximum liability of $875,000.00 plus interest.

102.     EAR has defaulted under the terms of Lease No. 2074.

103.     As a result of the foregoing, Donna Malone is liable to Comerica for the amounts owed under the Malone Guaranty 4, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Donna Malone and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

<div align="center">

**COUNT IX**
**Breach of Player Guaranty of Lease No. 2075**

</div>

104.     Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count IX as if fully stated herein.

105.     On October 31, 2006, Sheldon Player executed an Unconditional and Continuing Guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Player Guaranty 5").

106.     On November 7, 2006, Lease No. 2075 and Player Guaranty 5 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2075 assignment and Player Guaranty 5 are attached as **Group Exhibit M.**

107.     Player Guaranty 5 provides for maximum liability of $875,000.00 plus interest.

108.     EAR has defaulted under the terms of Lease No. 2075.

109.     As a result of the foregoing, Sheldon Player is liable to Comerica for the amounts owed under the Player Guaranty 5, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Sheldon Player and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

### COUNT X
### Breach of Malone Guaranty of Lease No. 2075

110.     Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count X as if fully stated herein.

111.     On October 31, 2006, Donna Malone executed a personal guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Malone Guaranty 5").  A copy of the Malone Guaranty 5 is attached as **Exhibit N.**

112.     On November 7, 2006, Lease No. 2075 and Malone Guaranty 5 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2075 assignment was previously attached as **Group Exhibit M.**

113.     Malone Guaranty 5 provides for a maximum liability of $875,000.00 plus interest.

114.     EAR has defaulted under the terms of Lease No. 2075.

14

115.    As a result of the foregoing, Donna Malone is liable to Comerica for the amounts owed under the Malone Guaranty 5, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Donna Malone and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

## COUNT XI
## Breach of Player Guaranty of Lease No. 2064

116.    Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count XI as if fully stated herein.

117.    On July 18, 2006, Sheldon Player executed an Unconditional and Continuing Guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Player Guaranty 6").

118.    On March 17, 2007, Lease No. 2064 and Player Guaranty 6 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2064 assignment and Player Guaranty 6 are attached as **Group Exhibit O.**

119.    Player Guaranty 6 provides for a maximum liability of $250,000.00 plus interest.

120.    EAR has defaulted under the terms of Lease No. 2064.

121.    As a result of the foregoing, Sheldon Player is liable to Comerica for the amounts owed under the Player Guaranty 6, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Sheldon Player and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

## COUNT XII
## Breach of Malone Guaranty of Lease No. 2064

122.    Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count XII as if fully stated herein.

123.    On July 18, 2006, Donna Malone executed a personal guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Malone Guaranty 6").  A copy of the Malone Guaranty 6 is attached as **Exhibit P.**

124.    On March 17, 2007, Lease No. 2064 and Malone Guaranty 6 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2064 assignment was previously attached as **Group Exhibit O.**

125.    Malone Guaranty 6 provides for maximum liability of $250,000.00 plus interest.

126.    EAR has defaulted under the terms of Lease No. 2064.

127.    As a result of the foregoing, Donna Malone is liable to Comerica for the amounts owed under the Malone Guaranty 6, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Donna Malone and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

## COUNT XIII
## Breach of Player Guaranty of Lease No. 2067

128.    Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count XIII as if fully stated herein.

129.    On August 31, 2006, Sheldon Player executed an Unconditional and Continuing Guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Player Guaranty 7").

130.    On March 17, 2007, Lease No. 2067 and Player Guaranty 7 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2067 assignment and Player Guaranty 7 are attached as **Group Exhibit Q.**

131.    Player Guaranty 7 provides for a maximum liability of $395,000.00 plus interest.

132.    EAR has defaulted under the terms of Lease No. 2067.

133.     As a result of the foregoing, Sheldon Player is liable to Comerica for the amounts owed under the Player Guaranty 7, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Sheldon Player and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

## COUNT XIV
## Breach of Malone Guaranty of Lease No. 2067

134.     Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count XIV as if fully stated herein.

135.     On August 31, 2006, Donna Malone executed a personal guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Malone Guaranty 7").  A copy of the Malone Guaranty 7 is attached as **Exhibit R.**

136.     On March 17, 2007, Lease No. 2067 and Malone Guaranty 7 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2067 assignment was previously attached as **Group Exhibit Q.**

137.     Malone Guaranty 7 provides for a maximum liability of $395,000.00 plus interest.

138.     EAR has defaulted under the terms of Lease No. 2067.

139.     Despite demand by Comerica, Donna Malone has failed and continues to fail to pay the amounts due under the Malone Guaranty 7.

140.     As a result of the foregoing, Donna Malone is liable to Comerica for the amounts owed under the Malone Guaranty 7, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Donna Malone and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

## COUNT XV
## Breach of Player Guaranty of Lease No. 2079

141.     Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count XV as if fully stated herein.

142.     On November 14, 2006, Sheldon Player executed an Unconditional and Continuing Guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Player Guaranty 8").

143.     On March 17, 2007, Lease No. 2079 and Player Guaranty 8 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2079 assignment and Player Guaranty 8 are attached as **Group Exhibit S.**

144.     Player Guaranty 8 provides for a maximum liability of $150,000.00 plus interest.

145.     EAR has defaulted under the terms of Lease No. 2079.

146.     As a result of the foregoing, Sheldon Player is liable to Comerica for the amounts owed under the Player Guaranty 8, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Sheldon Player and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

## COUNT XVI
## Breach of Player Guaranty of Lease No. 2079

147.     Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count XVI as if fully stated herein.

148.     On November 14, 2006, Donna Malone executed an Unconditional and Continuing Guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Malone Guaranty 8").  A copy of the Malone Guaranty 8 is attached as **Exhibit T.**

149.    On March 17, 2007, Lease No. 2079 and Malone Guaranty 8 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2079 assignment was previously attached as **Group Exhibit S**.

150.    Malone Guaranty 8 provides for a maximum liability of $150,000.00 plus interest.

151.    EAR has defaulted under the terms of Lease No. 2079.

152.    As a result of the foregoing, Donna Malone is liable to Comerica for the amounts owed under the Malone Guaranty 8, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Donna Malone and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

## COUNT XVII
## Breach of Player Guaranty of Lease No. 2095

153.    Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count XVII as if fully stated herein.

154.    On February 14, 2007, Sheldon Player executed an Unconditional and Continuing Guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Player Guaranty 9").

155.    On February 14, 2007, Lease No. 2095 and Player Guaranty 9 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2095 assignment and Player Guaranty 9 are attached as **Group Exhibit U**.

156.    Player Guaranty 9 provides for a maximum liability of $150,000.00 plus interest.

157.    EAR has defaulted under the terms of Lease No. 2095.

158.    As a result of the foregoing, Sheldon Player is liable to Comerica for the amounts owed under the Player Guaranty 9, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Sheldon Player and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

## COUNT XVIII
### Breach of Malone Guaranty of Lease No. 2095

159.     Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count XVIII as if fully stated herein.

160.     On February 14, 2007, Donna Malone executed a personal guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Malone Guaranty 9").  A copy of the Malone Guaranty 9 is attached as **Exhibit V.**

161.     On February 14, 2007, Lease No. 2095 and Malone Guaranty 9 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2095 assignment was previously attached as **Group Exhibit U.**

162.     Malone Guaranty 9 provides for a maximum liability of $150,000.00 plus interest.

163.     EAR has defaulted under the terms of Lease No. 2095.

164.     As a result of the foregoing, Donna Malone is liable to Comerica for the amounts owed under the Malone Guaranty 9, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Donna Malone and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

## COUNT XIX
### Breach of Player Guaranty of Lease No. 2096

165.     Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count XIX as if fully stated herein.

166.     On February 14, 2007, Sheldon Player executed an Unconditional and Continuing Guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Player Guaranty 10").

167.     On February 14, 2007, Lease No. 2096 and Player Guaranty 10 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2096 assignment and Player Guaranty 10 are attached as **Group Exhibit W.**

168.     Player Guaranty 10 provides for a maximum liability of $150,000.00 plus interest.

169.     EAR has defaulted under the terms of Lease No. 2096.

170.     As a result of the foregoing, Sheldon Player is liable to Comerica for the amounts owed under the Player Guaranty 10, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Sheldon Player and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

### COUNT XX
### Breach of Malone Guaranty of Lease No. 2096

171.     Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count XX as if fully stated herein.

172.     On February 14, 2007, Donna Malone executed a personal guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Malone Guaranty 10").  A copy of the Malone Guaranty 10 is attached as **Exhibit X.**

173.     On February 14, 2007, Lease No. 2096 and Malone Guaranty 10 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2096 assignment was previously attached as **Group Exhibit W.**

174.     Malone Guaranty 10 provides for a maximum liability of $150,000.00 plus interest.

175.     EAR has defaulted under the terms of Lease No. 2096.

176.     As a result of the foregoing, Donna Malone is liable to Comerica for the amounts owed under the Malone Guaranty 10, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica, prays that a Judgment be entered against Donna Malone and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

## COUNT XXI
## Breach of Player Guaranty of Lease No. 2098

177.     Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count XXI as if fully stated herein.

178.     On February 14, 2007, Sheldon Player executed an Unconditional and Continuing Guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Player Guaranty 11").

179.     On February 14, 2007, Lease No. 2098 and Player Guaranty 11 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2098 assignment and Player Guaranty 11 are attached as **Group Exhibit Y.**

180.     Player Guaranty 11 provides for a maximum liability of $150,000.00 plus interest.

181.     EAR has defaulted under the terms of Lease No. 2098.

182.     As a result of the foregoing, Sheldon Player is liable to Comerica for the amounts owed under the Player Guaranty 11, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Sheldon Player and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

## COUNT XXII
### Breach of Malone Guaranty of Lease No. 2098

183.     Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count XXII as if fully stated herein.

184.     On February 14, 2007, Donna Malone executed a personal guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Malone Guaranty 11").  A copy of the Malone Guaranty 11 is attached as **Exhibit Z.**

185.     On February 14, 2007, Lease No. 2098 and Malone Guaranty 11 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2098 assignment was previously attached as **Group Exhibit Y.**

186.     Malone Guaranty 11 provides for a maximum liability of $150,000.00 plus interest.

187.     EAR has defaulted under the terms of Lease No. 2098.

188.     As a result of the foregoing, Donna Malone is liable to Comerica for the amounts owed under the Malone Guaranty 11, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Donna Malone and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

## COUNT XXIII
### Breach of Player Guaranty of Lease No. 2097

189.     Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count XXIII as if fully stated herein.

190.     On February 14, 2007, Sheldon Player executed an Unconditional and Continuing Guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Player Guaranty 12").

191.     On February 14, 2007, Lease No. 2097 and Player Guaranty 12 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2097 assignment and Player Guaranty 12 are attached as **Group Exhibit AA.**

192.     Player Guaranty 12 provides for a maximum liability of $150,000.00 plus interest.

193.     EAR has defaulted under the terms of Lease No. 2097.

194.     As a result of the foregoing, Sheldon Player is liable to Comerica for the amounts owed under the Player Guaranty 12, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Sheldon Player and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

## COUNT XXIV
### Breach of Malone Guaranty of Lease No. 2097

195.     Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count XXIV as if fully stated herein.

196.     On February 14, 2007, Donna Malone executed a personal guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Malone Guaranty 12").  A copy of the Malone Guaranty 12 is attached as **Exhibit BB.**

197.     On February 14, 2007, Lease No. 2097 and Malone Guaranty 12 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2097 assignment was previously attached as **Group Exhibit AA.**

198.     Malone Guaranty 12 provides for a maximum liability of $150,000.00 plus interest.

199.     EAR has defaulted under the terms of Lease No. 2097.

200.     As a result of the foregoing, Donna Malone is liable to Comerica for the amounts owed under the Malone Guaranty 12, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Donna Malone and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

## COUNT XXV
### Breach of Player Guaranty of Lease No. 2099

201.    Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count XXV as if fully stated herein.

202.    On February 14, 2007, Sheldon Player executed an Unconditional and Continuing Guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Player Guaranty 13").

203.    On February 14, 2007, Lease No. 2099 and Player Guaranty 13 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2099 assignment and Player Guaranty 13 are attached as **Group Exhibit CC.**

204.    Player Guaranty 13 provides for a maximum liability of $150,000.00 plus interest.

205.    EAR has defaulted under the terms of Lease No. 2099.

206.    As a result of the foregoing, Sheldon Player is liable to Comerica for the amounts owed under the Player Guaranty 13, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Sheldon Player and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

## COUNT XXVI
### Breach of Malone Guaranty of Lease No. 2099

207.    Comerica incorporates Paragraphs 1 – 12 of this Complaint into Count XXVI as if fully stated herein.

208.    On February 14, 2007, Donna Malone executed a personal guaranty promising to pay any and all of the indebtedness of EAR to U.S. Financial ("Malone Guaranty 13").  A copy of the Malone Guaranty 13 is attached as **Exhibit DD.**

209.    On February 14, 2007, Lease No. 2099 and Malone Guaranty 13 were assigned by U.S. Financial to Comerica.  A copy of the Lease No. 2099 assignment was previously attached as **Group Exhibit CC.**

210.    Malone Guaranty 13 provides for a maximum liability of $150,000.00 plus interest.

211.    EAR has defaulted under the terms of Lease No. 2099.

212.    As a result of the foregoing, Donna Malone is liable to Comerica for the amounts owed under the Malone Guaranty 13, including but not limited to, attorneys' fees and court costs.

WHEREFORE, Comerica prays that a Judgment be entered against Donna Malone and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

### COUNT XXVII
### Fraud Against Sheldon Player

213.    Comerica incorporates Paragraphs 1 – 55 of this Complaint into Count XXVII as if fully stated herein.

214.    Mr. Player executed the Certificates knowing that they were untrue.

215.    Although Mr. Player executed the Certificates, the equipment had not been delivered to and installed at EAR.

216.    Based, in part, on the executed Certificates, Comerica agreed to purchase the Leases from U.S. Financial.

217.    If the Certificates had not been executed, Comerica would not have agreed to take assignment of the Leases from U.S. Financial.

218.    Comerica was damaged by Mr. Players actions in the sum of $3,116,078.09.

WHEREFORE, Comerica prays that a Judgment be entered against Sheldon Player and Donna Malone and in favor of Comerica in an amount to be determined at trial, plus court costs and attorneys' fees.

## COUNT XXVIII
## Fraudulent Transfer against Sheldon Player, Donna Malone and Gerald Investments

219.    Comerica incorporates Paragraphs 1 – 55 of this Complaint into Count XXVIII as if fully stated herein.

220.    During the one year prior to its bankruptcy case, EAR made transfers to Mr. Player, Ms. Malone and Gerald Investments as set forth on Exhibit D.

221.    Additional transfers will be discovered through discovery in this case.

222.    These transfers were made with the actual intent to hinder, delay or defraud EAR's creditors, including Comerica.

223.    These transfers were made at a time when EAR was insolvent or the transfers rendered EAR insolvent.

224.    The transfers were made without receiving reasonably equivalent value in exchange.

225.    At the time of the transfers, EAR was engaged in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction or EAR intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

226.    The transfers were made to insiders of EAR and were made on account of antecedent debt at a time when EAR was insolvent and the insiders had reasonable cause to believe that the debtor was insolvent.

WHEREFORE, Comerica prays that a Judgment be entered against Sheldon Player,

Donna Malone, and Gerald Investments and in favor of Comerica in an amount to be determined

at trial, plus court costs and attorneys' fees.

<div style="margin-left: 40%;">

**COMERICA LEASING, a division of**
**COMERICA BANK**

By: /s/ Tzivia A. Masl{ansky                 
        One of Its Attorneys

</div>

Kurt M. Carlson (ARDC #06236568)
Tzivia A. Masliansky (ARDC #6275456)
**Much Shelist Denenberg**
  **Ament & Rubenstein, P.C.**
191 N. Wacker Drive
Suite 1800
Chicago, Illinois 60606
(312) 521-2000